UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLSON KUNDIG INC., | CASE NO. 2:23-cv-1792 |
| Plaintiff, | ORDER |
| v. | |
| APOLLO DESIGN STUDIO LLC, PAUL SCHLACHTER, and CHRISTELLE COETZEE, | |
| Defendants. | |

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Olson Kundig, Inc.'s motion for leave to file a First Amended Complaint. Dkt. No. 20. Defendants Apollo Design Studio LLC, Paul Schlachter, and Christelle Coetzee (collectively, "Defendants") do not oppose amendment but, in exchange, request that the Court continue the trial date and related case deadlines. Dkt. No. 23. The Court GRANTS Olson Kundig's motion for leave to amend but DENIES Defendants' motion to continue for lack of good cause.

ORDER - 1

## 2. BACKGROUND

This is a copyright infringement case. *See generally* Dkt. No. 1. Plaintiff Olson Kundig is an architectural firm based in Seattle, Washington. *Id.* ¶ 5. Individual Defendants Paul Schlachter and Christelle Coetzee are former employees of Olson Kundig who left and founded a new business, Defendant Apollo Design Studio, LLC ("Apollo Design"). *Id.* ¶ 10. Olson Kundig alleges that Schlachter and Coetzee are "copying, using, and making derivative works" based on its copyrighted works as a part of their business activities through Apollo Design. *Id.* ¶ 50.

On November 20, 2023, Olson Kundig filed a complaint alleging three causes of action against Defendants, including copyright infringement, unfair competition in violation of the Washington Consumer Protection Act, and false advertising in violation of the Lanham Act. *Id.* ¶¶ 80–114. The Court set trial for June 23, 2025, but then continued the trial date to October 13, 2025, after receiving Defendants' unopposed motion. Dkt. Nos. 12, 15, 19.

Before the deadline to amend pleadings, Olson Kundig moved for leave to file a First Amended Complaint to incorporate copyrights it received after filing its original complaint. Dkt. No. 20. Defendants do not oppose amendment but argue instead that the Court should continue the case schedule because Olson Kundig's First Amended Complaint requires them to conduct additional legal work and discovery. Dkt. No. 22 at 1. In a separate filing, Defendants move to continue the trial date and modify the case schedule. Dkt. No. 23. Olson Kundig opposes a

continuance arguing Defendants' argument about additional legal work and discovery is conclusory, thus, does not show good cause for another extension.

## 3. DISCUSSION

### 3.1 Olson Kundig satisfies the Rule 15 factors for leave to amend.

Courts "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, courts generally grant leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice carries the greatest weight in the Court's analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Olson Kundig shared a copy of the proposed First Amended Complaint with Defendants in January 2025, and moved for leave before the deadline to amend pleadings listed in the Court's scheduling order. This weighs against undue delay. The record contains no evidence of bad faith or dilatory motive on the part of Olson Kundig. Defendants do not expressly argue that they will face prejudice if the Court grants leave to amend although their argument for a continuance can be construed as implicitly arguing that the amendment will put further pressure on upcoming

deadlines. This is not a strong argument, however, given that Defendants have known about the First Amended Complaint since January, and they do not show how the amendment would disrupt their ability to prepare beyond a conclusory statement that it would add to the legal work and discovery. Accordingly, the Court finds no reason to deny leave to amend.

### 3.2   Defendants do not show good cause for a continuance.

A scheduling order may be modified only with the Court's leave, for good cause. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As a result, courts modify scheduling orders "if [they] cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).

Defendants argue that they anticipate noting at least five more depositions, and despite acting diligently, they will be unable to complete these by the deadlines. Dkt. No. 26 at 2. They also argue that "amendment at this stage creates a bigger burden to pursue new investigation, legal research, and potential discovery to meet the current deadlines." Dkt. No. 23 at 4. But "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(6). And it's not clear from Defendants' argument why the amendment would create an undue burden given that, as noted above, they have had notice about the proposed amendments since January. The amendment itself

ORDER - 4

does not appear to substantively alter the nature of Olson Kundig's claims or require significantly different defense strategies. As a result, the Court finds that good cause for a second continuance does not exist.

### 4. CONCLUSION

Accordingly, the Court GRANTS Olson Kundig's motion for leave to amend, Dkt. No. 20, and DENIES Defendants' motion to continue, Dkt. No. 23. The Court ORDERS Olson Kundig to file the proposed First Amended Complaint within seven days of the date of this Order.

Dated this 23rd day of April, 2025.

Jamal N. Whitehead
United States District Judge